NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0507n.06

No. 13-4088

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 10, 2014
DEBORAH S. HUNT, Clerk

FREDY GRAMAJO-LOPEZ,                           )
                                               )
        Petitioner,                            )
                                               )    ON PETITION FOR REVIEW
v.                                             )    FROM THE UNITED STATES
                                               )    BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,         )    APPEALS
                                               )
        Respondent.                            )


BEFORE:  CLAY and STRANCH, Circuit Judges; BLACK, District Judge.[*]


        PER CURIAM.  Fredy Gramajo-Lopez petitions for review of an order of the Board of

Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application

for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

        Gramajo-Lopez is a native and citizen of Guatemala.  He entered the United States in

June 2007.  In December 2010, Gramajo-Lopez filed an application for asylum, withholding of

removal, and relief under the CAT, alleging that, if he is returned to Guatemala, he will be

persecuted and tortured because of his refusal to join a criminal gang.  The IJ denied Gramajo-

Lopez relief, concluding that his asylum application was untimely and that he failed to

demonstrate that he was likely to be tortured if returned to Guatemala.  The IJ further concluded

that, for purposes of withholding of removal, Gramajo-Lopez failed to establish that he was a

_____

[*]The Honorable Timothy S. Black, United States District Judge for the Southern District
of Ohio, sitting by designation.

member of a particular social group or that he was likely to be persecuted by the Guatemalan government or individuals who the government is unable or unwilling to control. The BIA affirmed the IJ's decision.

On appeal, Gramajo-Lopez argues that the IJ and BIA erred by concluding that he failed to establish that he was a member of a particular social group for purposes of asylum and withholding of removal. Gramajo-Lopez also argues that the BIA erred by affirming the IJ's decision without meaningful analysis. Despite Gramajo-Lopez's argument to the contrary, the record reflects that the BIA gave appropriate consideration to the issues that he raised and adequately explained its decision to deny him relief. *See Akhtar v. Gonzales*, 406 F.3d 399, 408 (6th Cir. 2005). Where, as here, the BIA does not summarily affirm or adopt the IJ's reasoning and provides an explanation for its decision, we review the BIA's decision as the final agency determination. *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1047 (6th Cir. 2007). We review *de novo* questions of law. *Abdurakhmanov v. Holder*, 735 F.3d 341, 345 (6th Cir. 2012).

To the extent that Gramajo-Lopez argues that his asylum application was meritorious, we need not review the claim because Gramajo-Lopez has failed to challenge the dispositive finding that his asylum application was untimely. *See Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011). Likewise, to the extent that Gramajo-Lopez challenges the conclusion that he failed to establish membership in a particular social group for purposes of withholding of removal, we need not review the claim because Gramajo-Lopez has not challenged the dispositive finding that he failed to demonstrate that he was likely to be persecuted by the Guatemalan government or individuals who the government is unable or unwilling to control. *See Khalili v. Holder*, 557 F.3d 429, 435-36 (6th Cir. 2009).

Accordingly, we **DENY** Gramajo-Lopez's petition for review.

It is so **ORDERED**.